Lisa S. Kantor, Esq., SBN 110678
e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. SBN 199634
e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Jonathan Mischo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MISCHO,<br><br>              Plaintiff,<br><br>       v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; REQUEST FOR EXPEDITED ERISA TRIAL; REQUEST FOR ATTORNEYS' FEES AND COSTS** |

Plaintiff, JONATHAN MISCHO, herein sets forth the allegations of his Complaint against Defendant, UNITEDHEALTHCARE INSURANCE COMPANY.

**PRELIMINARY ALLEGATIONS**

1.  Jurisdiction - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1. involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, and attorneys' fees and costs.

2. Plaintiff, Jonathan Mischo, is a resident of San Francisco, California, and at all times relevant was a resident in San Francisco County, California. Therefore, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff was at all relevant times a covered spouse under an employee group health benefit plan ("Plan") pursuant to which he was entitled to health benefits.

4. Plaintiff is informed and believes that Defendant UnitedHealthcare Insurance Company ("United") insured and administered health benefits under the Plan.

5. Plaintiff is informed and believes that United has its principal place of business in Hartford, Connecticut, is authorized to transact and is transacting business in this judicial district, the Northern District of California, and can be found in the Northern District of California.

### FIRST CAUSE OF ACTION

### FOR DENIAL OF PLAN BENEFITS UNDER ERISA

6. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

### Plaintiff's Medical History

7. Plaintiff Jonathan Mischo is a 44-year old man who was diagnosed with Multiple Sclerosis ("MS") in 2016. MS is a chronic disease affecting the central nervous system (brain and spinal cord). MS is the most common disabling

neurological disease of young adults with symptom onset generally occurring between the ages of 20 and 40.

8. Mr. Mischo has been treated for MS with Rituxan since 2016. Mr. Mischo has received treatment for MS at the University of California San Francisco Multiple Sclerosis Center ("UCSF").

9. Mr. Mischo's prior health insurance insurer, Blue Shield of California, approved benefits for Mr. Mischo's Rituxan infusions through 2017.

10. Mr. Mischo's health insurance coverage with United began in 2018. United approved benefits for his Rituxan infusions.

11. Mr. Mischo has a history of infusion reactions with a Rituxan biosimilar, Ocrevus. In March 2018, Mr. Mischo attempted Ocrevus for two infusions. He experienced multiple infusion reactions including itching, burning sensation, lump in throat, nausea, pronounced tachycardia, and hypertension. These symptoms did not resolve even hours after stopping the infusion. Mr. Mischo was transferred to the emergency room and an EKG demonstrated sinus tachycardia and possible prior inferior infarction.

12. Following his reactions to Ocrevus, Mr. Mischo resumed Rituxan infusions and United approved benefits. Once resuming Rituxan, Mr. Mischo tolerated the infusions with careful adjustment of pre-medications and administration.

13. United approved and paid for Mr. Mischo's two Ocrevus infusions, followed by Rituxan infusions, until October 2020.

Defendant's Denial of Benefits

14. In a letter dated November 8, 2021, United denied further benefits for Rituxan claiming Mr. Mischo did not "try Truxima or Ruxience" which are other Rituxan biosimilars.

15. Mr. Mischo's pharmacist at UCSF, Dr. Steven Merrill, attempted to schedule a peer to peer review with United on or about November 22, 2021 and

1  United refused to schedule a review. Dr. Merrill reported that he was required to
2  speak to a dozen different people at United and they would not schedule a peer
3  review.
4        16.    On November 23, 2021, Dr. Ari Green, Plaintiff's treating neurologist
5  and Director of the UCSF Multiple Sclerosis Center, wrote a letter appealing the
6  denial on behalf of Mr. Mischo. Dr. Green explained Mr. Mischo's infusion
7  reactions to Ocrevus and that Mr. Mischo is able to tolerate Rituxan infusions. Dr.
8  Green further explained:

> Given his history, transitioning to a Rituxan biosimilar such as
> Ruxience or Truxima may expose patient to unnecessary risk for
> severe infusion reactions and further delay care.
> Based on this patient's diagnosis, disease severity, and medical
> history, I believe that Rituxan appropriate and medically necessary for
> this patient, and would appreciate a reconsideration of this service.
> Due to delays for COVID-19 vaccination patient has not been treated
> with Rituxan in over 12 months. Please process this appeal
> URGENTLY as further delay places patient at ongoing risk for
> serious relapse and/or development of permanent disability.

19  Dr. Green enclosed clinical notes and laboratory testing results.
20        17.    In a letter dated December 8, 2021, United denied the appeal claiming,
21  "your health plan covers Rituxan only if you have tried taking and failed to benefit
22  from" Truxima or Ruxience.
23        18.    On December 9, 2021, Dr. Green wrote a second letter of appeal to
24  United. Dr. Green explained that Rituxan has shown success in major clinical trials
25  for the treatment of MS and to his knowledge, "there are no prospective clinical
26  trials evaluating either Ruxience or Truxima for the treatment of MS." Dr. Green
27  wrote that given Mr. Mischo's history of infusions:

> [Mr. Mischo is] at significant risk for infusion reactions. Transitioning him to a Rituxan biosimilar such as Ruxience or Truxima may expose patient to unnecessary risk for another serious infusion reaction. The cardiac risks are particularly concerning given his history of obesity, HTN and EKG abnormalities. Furthermore, evidence is lacking that Ruxience or Truxima are effective for MS.

Dr. Green enclosed clinical notes and laboratory testing results. Dr. Green requested that United reverse its decision.

19. On December 20, 2021, United denied the second appeal. United relied on the opinion of an internal medicine physician, Dr. Joan W. Huppi, who specializes in geriatrics[1]. Neurology is the appropriate medical specialty for review of a patient who is diagnosed with MS. United asserted a new basis for denial in its letter, claiming that Rituxan was not medically necessary for Mr. Mischo even though United previously approved Rituxan to treat Mr. Mischo's MS. Dr. Huppi claimed that there is "not enough evidence found in the medical literature to show that Rituxan is effective for your condition. The health plan does not cover treatments that are not medically necessary for your care."

20. Pursuant to California law, Mr. Mischo's provider submitted "necessary justification and supporting clinical documentation supporting the provider's determination that the required prescription drug is inconsistent with good professional practice for provision of medically necessary covered services to the enrollee, taking into consideration the enrollee's needs and medical history, along with the professional judgment of the enrollee's provider" which provided sufficient exception to United's step therapy policy. Cal. Health & Safety Code § 1367.206(b).

---

[1] https://doctor.webmd.com/doctor/joan-huppi-603003a1-36b5-400b-9f8d-7212e2c4483d-overview

21. Dr. Green provides the attached letter stating that further delay of Mr. Mischo's Rituxan infusion risks new MS relapse or disease progression which may leave him with permanent disabilities and cause irreparable harm. (See Exhibit A to the Complaint). Due to the risks facing Mr. Mischo, Dr. Green requests that this litigation be given the highest priority and expedited to whatever extent possible.

22. Mr. Mischo requests immediate approval of benefits for Rituxan.

23. Mr. Mischo exhausted all appeals under the Plan.

24. Defendant wrongly denied benefits for Rituxan in the following respects, among others:

    (a) Failure to authorize and pay for medical services rendered to Mr. Mischo as required by the Plan at a time when United knew Mr. Mischo was entitled to such benefits under the terms of the Plan;

    (b) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of claims for medical benefits;

    (c) After claims were denied in whole or in part, failure to adequately describe to Mr. Mischo any additional material or information necessary to perfect his claim along with an explanation of why such material is or was necessary;

    (d) Failure to properly investigate the merits of the claim and appeal submission;

    (e) Failure to conduct a peer review requested by Mr. Mischo's pharmacist; and

    (f) Failure to provide Mr. Mischo with a full and fair review pursuant to 29 C.F.R.§ 2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment.

25. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied claims for medical benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

26. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

27. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

28. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION
## FOR EQUITABLE RELIEF

29. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

30. As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a) Immediate and ongoing approval of benefits for Rituxan infusions; and

    (b) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

**Plaintiff requests an expedited ERISA bench trial due to the extenuating circumstances as set forth in the foregoing paragraphs. Plaintiff suffers risks of irreparable harm or permanent disability if he does not receive Rituxan, a medication which has been proven to treat his MS, he has been able to tolerate, and United previously approved until October 2020.**

Plaintiff requests that the Court set a trial briefing filing deadlines and a trial oral argument date to occur within 90 days following Defendant's production of the complete ERISA record to Plaintiff.

Plaintiff requests judgment against Defendant as follows:

1. Approval of medical benefits due to Plaintiff under the Plan;
2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action; and
3. For such other and further relief as the Court deems just and proper.

DATED: April 5, 2022                    KANTOR & KANTOR, LLP

                                        BY:  *s/ Elizabeth K. Green*
                                             Elizabeth K. Green
                                             Attorneys for Plaintiff
                                             Jonathan Mischo